IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL NO. 91-00137 DAE-KSC |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING BENCHMARKS |
| vs. ) | |
| ) | |
| STATE OF HAWAII, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

FINDINGS AND RECOMMENDATION REGARDING BENCHMARKS

On March 23, 2006, a hearing was held on the Special Master's Eleventh Report and Recommendation. On March 24, 2006, the Court entered an Order Adopting and Approving Eleventh Report and Recommendation ("Order").

Consistent with the requirements of the Joint Stipulation and Order Regarding Plan for Community Mental Health Services filed on October 25, 2005 ("Joint Stipulation"), and because the Court had a serious concern that Defendants were not putting forth their "reasonable best efforts" as required by the Joint Stipulation, the Court directed counsel for the parties to meet and confer with the Special Master for

the purpose of identifying and agreeing on benchmarks with an April 30, 2006 deadline in a limited number of subject areas of the Plan for Community Mental Health Services ("Community Plan") which would prove that Defendants are putting forth their reasonable best efforts to achieve substantial compliance with the Community Plan by June 30, 2006.  See Order Adopting and Approving Eleventh Report and Recommendation at pages 3-4.

     The Special Master met with counsel for the parties and Kris McLoughlin, the court appointed Special Monitor, during the afternoon of March 23, 2006.  Further meetings and discussions involving counsel, the Special Monitor, the Director and other representatives of the Adult Mental Health Division of the State of Hawaii occurred over the next two weeks.

     A status conference with counsel and the Special Monitor was held on April 10, 2006.  At the status conference, counsel indicated to the Special Master that discussions between themselves and with the Special Monitor regarding the nature and substance of

the April 30 2006 benchmarks were productive.  However, counsel were unable to reach agreement upon a stipulation for presentation to the court regarding the April 30, 2006 benchmarks referred to herein above.

   Pursuant to the Order Adopting and Approving Eleventh Report and Recommendation, and after conferring with counsel and discussing the matter in depth with Kris McLoughlin, the court appointed Special Monitor, the Special Master identifies the following benchmarks with an April 30, 2006 deadline in the following identified subject areas for the parties.

1.   <u>FORENSICS</u>

 (a) Develop a written discharge procedure for consumers on conditional release from Hawaii State Hospital or Sutter Health Pacific doing business as Kahi Mohala Behavioral Health ("Kahi Mohala") to the community.  This procedure shall define the responsibilities of the individuals involved in the transition process including but not limited to the consumer, the treatment team(s), community case manager, probation officer, Community Mental Health

Center ("CMHC"), forensic coordinator, Adult Mental Health Division ("AMHD") forensic specialist and other ancillary providers such as housing and specialized residential treatment.  Particular focus shall be to clarify when and what types of communication should occur between these individuals to ensure the consumer's smooth transition to the community.

(b) Develop a written procedure for consumers who are at risk of losing their conditional release status. This procedure shall define the responsibilities of the individuals involved with the consumer in the community, including but not limited to the consumer, the treatment team, community case manager, probation officer, CMHC forensic coordinator, and other ancillary providers such as housing and specialized residential treatment.  Particular focus shall be to clarify when and what types of communication should occur between these individuals to evaluate risk and re-stabilize the consumer in an effort to prevent revocation.

(c) Develop written pre-booking jail diversion course curriculum, training material and course

evaluation form for Honolulu Police Department ("HPD") District One Train-the-Trainers program.

2. CASE MANAGEMENT

(a) Submit a report of assessment and findings derived from the AMHD Case Management Service Director's interviews with HSH, Kahi Mohala, CMHC Case Management Coordinators and major case management agencies regarding barriers to attending and having meaningful participation in HSH and Kahi Mohala treatment teams.

(b) Issue a procedural directive regarding the availability of AMHD clinical consultations for assisting treatment teams with the management of challenging clinical cases.

3. CRISIS

(a) Implement "silent monitoring" of ACCESS Line calls and submit baseline monthly aggregate data report for April.

(b) Submit first monthly progress report related to reducing the number of consumers in Crisis Support

Management ("CSM") over thirty days including data analysis and recommendations.

(c) Issue 23/59 directive, submit first monthly utilization report and results of telephone survey to case management agencies regarding awareness of 23/59 services.

4.  TREATMENT PLANNING

(a) Develop and distribute AMHD Recovery Planning Resource Guide.  Orient providers to the AMHD Recovery Planning Resource Guide and Recovery Planning Monitoring tools.  Issue a revised directive regarding implementation and monthly submission of completed recovery planning observation tools.

(b) Issue a directive to provider network informing providers of the formation, membership, and availability of the AMHD recovery planning consultation team.

(c) Submit summary report of Needs Assessment/Implementation Action Plans developed by provider organizations to integrate recovery planning into their organizations.

(d)  Review AMHD Policy and Procedure for AMHD oversight of HSH and Kahi Mohala discharge planning. Evaluate effectiveness of current policy and AMHD's role in providing oversight.

The Special Master finds that the above stated benchmarks are fair and reasonably achievable by April 30, 2006.  The Special Master further finds that Defendants' achievement of the benchmarks by April 30, 2006 will demonstrate and should prove that Defendants are putting forth their reasonable best efforts to achieve substantial compliance with the Community Plan by the June 30, 2006 deadline required by the Joint Stipulation.  Finally, the Special Master finds that Defendants' achievement and compliance with the aforesaid benchmarks should result in the provision of additional community based mental health services in areas of critical need and have an immediate positive impact on mental health consumers and the public.

Therefore, pursuant to the Order Adopting and Approving Eleventh Report and Recommendation and based on the foregoing, the Special Master recommends that

the above-referenced benchmarks with an April 30, 2006 deadline be adopted as an Order of the Court for the purpose of determining whether Defendants are putting forth their reasonable best efforts to achieve substantial compliance with the Community Plan by June 30, 2006.

    IT IS SO FOUND AND RECOMMENDED.

    Dated: Honolulu, Hawaii, April 10, 2006.



_____
Kevin S.C. Chang
United States Magistrate Judge

United States of America vs. State of Hawaii, et. al.;
Civil No. 91-00137 DAE-KSC; Findings and Recommendation
Regarding Benchmarks